*UNITED STATES BANKRUPTCY COURT*
*DISTRICT OF PUERTO RICO*

| | |
|---|---|
| *IN RE:* | |
| *LUIS JAVIER VÁZQUEZ URQUÍA* | *CASE NO. 19-01041 (MCF)* |
| *DEBTOR.* | *CHAPTER 7* |

*United States Trustee's Motion to Dismiss*
*with a Two Year Bar to Refile under § 707(a)*

TO THE HONORABLE COURT:

Plaintiff, Nancy J. Gargula, the United States Trustee for Region 21, moves for the dismissal of the instant case with a two year bar to refile. The United States Trustee, through her undersigned counsel, states and prays as follows:

Preliminary Statement

On May 7, 2020, the United States Trustee filed a complaint objecting to Debtor's discharge under § 727, generally based on Debtor's false statements and oaths on his bankruptcy documents, as well as at the meetings of creditors, and his failure to provide the trustee and United States Trustee with recorded information upon which his financial affairs may be ascertained. On November 12, 2020, Debtor's legal representative was allowed to withdraw from the case, and Debtor was granted until December 14, 2020, to appear with new representation. As of today, over two months have elapsed from said deadline, and Debtor has failed to appear in the case with new representation, or informed the Court whether he wished to proceed *pro-se*. As a result, the Court should dismiss the case under § 707(a), based on his failure to prosecute the case and because the allegations in the United States Trustee's complaint reflect that there is cause to dismiss with the case with a two year bar to refile.

Case:19-01041-MCF7 Doc#:170 Filed:03/03/21 Entered:03/03/21 17:53:31 Desc: Main
Document Page 2 of 12

UNITED STATES TRUSTEE'S MOTION TO DISMISS WITH TWO YEAR BAR TO REFILE
IN RE LUIS J. VÁZQUEZ-URQUÍA, CASE NO. 19-01041 (MCF)     Page 2 of 12

Facts

1. On February 27, 2019, Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, which was docketed as case no. 19-01041 (BKT). (Docket No. 1).

2. On May 7, 2020, the United States Trustee filed a complaint objecting to Debtor's discharge, under §§ 727(a)(2), 727(a)(3), 727(a)(4)(A), 727(a)(4)(D), and 727(a)(5). *See* Adv. No. 20-00057, Docket No. 1.

3. The United States Trustee incorporates the procedural and factual allegations in the complaint as if included herein.

4. On August 24, 2020, Debtor answered the complaint. Adv. No. 20-00057, Docket No. 16.

5. On September 2, 2020, the parties filed their *Joint Initial Scheduling Report*. Adv. No. 20-00057, Docket No. 17.

6. On October 23, 2020, Debtor's attorney filed a *Motion for Leave to Withdraw From Debtor/Defendant's Legal Representation*, in the lead case as well as the adversary. Docket No. 165; Adv. No. 20-00057, Docket No. 20. There, counsel sought to withdraw and informed that, "Mr. Vazquez Urquía has made arrangements to obtain his file from Counsel upon leave of Court for withdrawal and he has been informed about all pending matters in the case." *Id.* Counsel also requested "a reasonable time to obtain substitute counsel." *Id.*

7. On November 12, 2020, the Court granted counsel's motion to withdraw, and allowed Debtor 30 days to obtain new counsel. Adv. No. 20-00057, Docket No. 21.

8. The 30 days expired on December 14, 2020, and as of today, Debtor has not appeared with new counsel or informed the Court whether he wishes to proceed pro-se.

Memorandum of Law – Dismissal under § 707(a)

9. Under § 707(a), the Court may dismiss a chapter 7 case for cause, "including" (1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees or charges required under chapter 123 of title 28; and (3) failure of the debtor in a

Case:19-01041-MCF7 Doc#:170 Filed:03/03/21 Entered:03/03/21 17:53:31 Desc: Main
Document Page 3 of 12

UNITED STATES TRUSTEE'S MOTION TO DISMISS WITH TWO YEAR BAR TO REFILE
IN RE LUIS J. VÁZQUEZ-URQUÍA, CASE NO. 19-01041 (MCF) Page 3 of 12

voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee. 11 U.S.C. § 707(a).

10. "The dismissal for unreasonable delay by the debtor to the prejudice of creditors prevents the debtor from filing a petition to take advantage of the protection of the bankruptcy court and subsequently failing to appear or file necessary schedules, or otherwise failing to take any necessary steps for the proper administration of the estate." 6 Collier on Bankruptcy P 707.03 (16th 2020).

11. Also, the examples listed on § 707(a) are non-exhaustive, and the Court may dismiss the case when other grounds for cause are found to exist. 6 Collier on Bankruptcy P 707.03 (16th 2020); s*ee also* 11 U.S.C. § 102(3) (defining "including," for purposes of the Bankruptcy Code as "not limiting").

12. Currently, there is a circuit split on the question of whether "bad faith" may be grounds for dismissal of a chapter 7 case under § 707(a). The Third, Fourth, Fifth, Sixth and Eleventh Circuits have found that bad faith may constitute cause for dismissal. *See In re Tamecki,* 229 F.3d 205, 207 (3rd Cir.2000); *Perlin v. Hitachi Capital America Corp.,* 497 F.3d 364 (3rd Cir.2007); *Janvey v. Romero*, 883 F.3d 406 (4th Cir. 2018); *In re Krueger*, 812 F.3d 365 (5th Cir. 2016); *Industrial Ins. Servs., Inc. v. Zick (In re Zick),* 931 F.2d 1124, 1127 (6th Cir.1991); and *In re Piazza*, 719 F.3d 1253 (11th Cir. 2013).

13. On the other hand, the Eighth and Ninth Circuits have taken the opposite view. *See In re Padilla,* 222 F.3d 1184, 1191 (9th Cir. 2000); *and In re Huckfeldt,* 39 F.3d 829, 832 (8th Cir. 1994).

14. There is currently no controlling precedent from the First Circuit. *In re Asociación de Titulares de Condominio Castillo*, 581 B.R. 346, 361 n. 18 (BAP 1st Cir. 2018).

15. This Court in *In re Fernández Rosado,* 2010 WL 5019023, *11 (Bankr. D.P.R. Dec. 1, 2010)(rev'd on other grounds, 2011 WL 4572021 (BAP 1st Cir. Aug. 10, 2011)), found

that bad faith is a ground for dismissal under § 707(a), and employed a totality of the circumstances test. The Court adopted the analysis employed by the court in *In re Lombardo*, 370 B.R. 506, 512 (Bankr. E.D.N.Y. 2007), which consisted of 14 factors:

> (1) the debtor's manipulations having the effect of frustrating one particular creditor; (2) the absence of an attempt to pay creditors; (3) the debtor's failure to make significant lifestyle changes; (4) the debtor has sufficient resources to pay a substantial portion of debts; (5) the debtor inflates expenses to disguise financial well-being; (6) the debtor is overutilizing protections of the Bankruptcy Code to the conscious detriment of creditors; [7] the debtor reduced his creditors to a single creditor in the months prior to the filing of the petition; [8] the debtor filed in response to a judgment, pending litigation, or collection action, and there is an intent to avoid a large single debt; [9] the unfairness of the use of Chapter 7; [10] the debtor transferred assets; [11] the debtor is paying debts to insiders; [12] the debtor failed to make candid and full disclosure; [13] the debts are modest in relation to assets and income; and [14] there are multiple bankruptcy filings or other procedural gymnastics.

16.　　The presence of various of the factors listed above may be indicative of bad faith. *In re Fernandez Rosado,* 2010 WL 5019023 at *11; *In re Scott*, 2010 WL 3087507 (Bankr. E.D.N.C. 2010) ("The presence of a single factor indicative of the debtor's bad faith in filing will not typically equate to a finding of cause for dismissal of a Chapter 7 petition; however, the presence of multiple factors may suffice.").

<u>Application of Lombardo Factors</u>

17.　　The Court should find that several of the factors listed above are present in this case.

18.　　First, the Debtor failed to "make candid and full disclosure" on his bankruptcy documents and at the meetings of creditors. Debtor began working at *Clínica Visual Villalba, PSC* ("<u>CVV</u>") sometime in 2019, but made no mention of said income on the amendments to Schedule I that were filed on August 22, 2019, November 15, 2019, and February 29, 2020. On said documents, Debtor stated that he did not expect an increase or decrease in income, because he was only working with Dr. Silva at two optical clinics in Ponce and San Germán,

United States Trustee's Motion to Dismiss with Two Year Bar to Refile
In re Luis J. Vázquez-Urquía, Case No. 19-01041 (MCF)   Page 5 of 12

and that he could not "keep up with a third job." (Docket No. 68 at 3; Docket No. 97 at 26; Docket No. 130 at 3). At the meetings of creditors held on November 26, 2019, and January 28, 2020, Debtor was directly asked whether he had any other sources of income apart from his employment with Dr. Silva, and he falsely answered that he did not.

  19. Also at the meeting held on November 26, 2019, the United States Trustee asked Debtor why he kept paying for a software program called Inmediata, which allows health care providers to bill medical insurance plans for their services, when he had testified that Dr. Silva paid him on a per diem basis. Debtor falsely responded that he was not using said software, but that he wanted to keep it active in case he lost his job with Dr. Silva. In reality, Debtor has been using his Inmediata account to bill the medical insurance plans for the services he performed at CVV since April 2019. *See Exhibit A – Inmediata Production Comparison.*

  20. Debtor also made numerous false statements on his schedules; including: (1) failing to disclose on his original Schedule A/B that he had a bank account with Banco Santander, ending on 6723, with a balance of $649.85; (2) failing to disclose on his original Schedule A/B that he had an ownership interest in an investment fund account with America Funds valued at $4,000; (3) failing to disclose on his original Schedule A/B that he had an ownership interest in a life insurance policy with Primerica Term Life Insurance, which had a "value upon death" of $250,000; (4) failing to disclose on his original Schedule A/B four smart phones allegedly valued at $1,200; (5) failing to disclose on his original Schedule A/B that he had medical and office equipment valued at $1,900; (6) failing to disclose on his original Schedule A/B, and amended Schedule A/B filed on November 19, 2019, the accounts receivables owed by the medical insurance plans; (6) failing to disclose on the Schedule Is that were filed on February 27, 2020, June 17, 2019, August 22, 2019, and November 15, 2019, the income that Debtor was receiving from: (i) the repair of lens frames, (ii) medical

Case:19-01041-MCF7 Doc#:170 Filed:03/03/21 Entered:03/03/21 17:53:31 Desc: Main
Document Page 6 of 12

UNITED STATES TRUSTEE'S MOTION TO DISMISS WITH TWO YEAR BAR TO REFILE
IN RE LUIS J. VÁZQUEZ-URQUÍA, CASE NO. 19-01041 (MCF) Page 6 of 12

plans for services provided at his previous employments; and (iii) miscellaneous income Debtor received from ATH Móvil, ATH Check deposits, and regular deposits.[1]

21. Debtor made the following additional false statements: (7) On Schedule J, filed on November 15, 2019, Debtor included projected expenses for tax debt and DSO arrears, amounting to $1,336 monthly, when he was not paying said amounts, as admitted at the meeting of creditors held on January 28, 2020; (8) On the Statement of Financial Affairs filed on February 27, 2019, Debtor failed to report the income he received during 2018; (9) On the Statements of Financial Affairs, filed on February 27, 2019 and November 15, 2019, Debtor failed to report that he was the President of *Forjando un Nuevo Comienzo, Corp.*, Registry No. 35383, a non-profit corporation; and (10) By falsely stating under oath, at the meetings of creditors held on November 26, 2019, and January 28, 2020, that he did not have any ownership interest in, or serve as a principal of, any corporation or business entity, when he was the President of *Forjando un Nuevo Comienzo, Corp.*

22. Although Debtor later amended the schedules to include several of the items listed above, said amendments did not cure his prior failure to disclose. *See López Llanos,* 578 B.R. at 709 ("But in the totality of the circumstances, the amendment does not cure the Debtor's prior concealment")*; and In re Storozhenko,* 487 B.R. 457, 466 (Bankr. E.D. Mich. 2012) ("Debtor's filing of her amended Schedule B, in which she disclosed the additional $5,470 in cash for the first time, was tantamount to an admission by [Debtor] of the falsity of her original Schedule B.").

23. Lastly, Debtor provided a false account of his travel history under oath, at the meetings of creditors held on November 26, 2019 and January 28, 2020. When asked whether he had taken any trips after Hurricane Maria, Debtor failed to disclose trips to Perú (Oct. 2017); Chicago, IL (Jan. 2018); New York, NY, Las Vegas, NV, San Diego, CA, Ensenada,

---

[1] From December 2018 to October 2019, Debtor's bank statements reflect that he received $18,799 from ATH Móvil, ATH Check deposits, and other deposits, all unrelated to his employment with Dr. David Silva.

MEX, Tijuana, MEX (March 2018); Miami, FL (Dec. 2018); Atlantic City, NJ (March 2019); and Chicago, IL (June 2019).

24. The Court should also find the presence of additional *Lombardo* factors, including: "the debtor's manipulations having the effect of frustrating one particular creditor;" and the "debtor filed in response to a judgment, pending litigation, or collection action, and there is an intent to avoid a large single debt" Debtor's ex-spouse, Elgie Tirado Lebron, filed a priority claim totaling $110,758.24, and is one of Debtor's largest creditors. Debtor is a defendant in a state court action initiated by Elgie Tirado Lebron in 2013, seeking DSO payments. Before filing the case, Debtor was obligated to pay Ms. Tirado the amount of $5,986.05 monthly. Post-petition, the state court reduced the amount to $2,171.23 monthly. (Docket No. 50). Despite this substantial reduction, Debtor chose to reconvert his case to chapter 7 from chapter 13 on August 7, 2019, thus signaling the presence of one of the other *Lombardo* factors: "the unfairness of the use of Chapter 7." (Docket No. 61).

25. We have also seen how Debtor "inflates expenses to disguise financial well-being" and also lacks "an attempt to pay creditors." Debtor has filed multiple amendments to the Schedules and Statement of Financial Affairs, each offering piecemeal disclosure of his assets and financial affairs, thus forcing the chapter 7 Trustee and United States Trustee to engage in a "tug of war" to draw the truth into daylight. *See In re Bianco,* 2012 WL 3763682, at * 3 (Bankr. D. Mass. Aug. 29, 2012) ("Neither the UST nor the Court should be required to play "tug-of-war" with Ms. Bianco to obtain information as basic as her household income."). The Debtor filed the case under chapter 7, then converted to chapter 13, and later reconverted to chapter 7. Each time, Debtor has filed different amendments to Schedule J, either increasing or decreasing his monthly expenses, according the needs of the moment. For instance, in chapter 13, Debtor filed an Amended Schedule J that reflected a net monthly income of $500, after the state court reduced his monthly DSO payment. (Docket No. 50). After requesting reconversion to chapter 7, Debtor filed an amended Schedule J, increasing

his monthly expenses to $7,422.35, which resulted in a net monthly income of negative $1,476.41. (Docket No. 68). Later on, Debtor presented another amended version of Schedule J, where he again increased his expenses to $8,897 monthly, which yielded a net monthly income of negative $2,776.69. (Docket No. 97). At the meeting of creditors held on January 28, 2020, Debtor admitted he was not actually paying several of the expenses listed on the Schedule, including payments for tax debts and DSO arrears, which amounted to $1,336/monthly.

      26. Debtor has also managed to dilute his financial solvency by concealing part of his income. Before the United States Trustee filed the complaint, none of the numerous schedules I that had been filed by Debtor included the income he was generating from his practice at CVV. Debtor only included said income on the amended schedule I that was filed on August 12, 2020, in the amount of $345.26/monthly. (Docket No. 161). According to the documents obtained by the United States Trustee from Inmediata, Debtor generated an average of $397.62/monthly during the period of April 2019 to February 2020. Debtor billed through Inmediata as a whole $1,268.40 and received $923.56 in January 2020 alone. More recently, from October 12, 2020, to February 23, 2021, Debtor billed through Inmediata the amount of $3,348, or approximately $669.60/monthly. As can be seen, Debtor's inflated expenses on his Schedule J and deflated income on Schedule I has left creditors in the dark as to his real financial capacity. It should not be the trustee's job to engage in discovery to accurately determine Debtor's financial affairs.

      27. Although Debtor has presented himself as an unfortunate individual who has been beset by an acrimonious divorce proceeding, increasing expenses, and decreasing income, he has been able to enjoy a lavish lifestyle both pre- and post-petition at the expense of his creditors. *In re Krueger,* 812 F.3d 365, 372 (5th Cir. 2016) ("In judging whether there is cause to dismiss a case, a court may consider the debtor's entire course of conduct—before, during, and after the filing of a chapter 7 petition."). For example, Debtor visited 12 different

Case:19-01041-MCF7 Doc#:170 Filed:03/03/21 Entered:03/03/21 17:53:31 Desc: Main
Document Page 9 of 12

United States Trustee's Motion to Dismiss with Two Year Bar to Refile
In re Luis J. Vázquez-Urquía, Case No. 19-01041 (MCF) Page 9 of 12

destinations outside of Puerto Rico from October 2017 to July 2019. These trips may be summarized as follows:

| Trip # | Date | Destinations | Cities |
|---|---|---|---|
| 1 | October, 2017 | Perú | Lima<br>Cusco<br>Machupicchu<br>Arequipa |
| 2 | January, 2018 | Illinois, USA | Chicago |
| 3 | March, 2018 | New York, USA<br>Nevada, USA<br>California, USA<br>Mexico | New York<br>Las Vegas<br>San Diego<br>Ensenada<br>Tijuana |
| 4 | July, 2018 | Dominican Republic | Punta Cana |
| 5 | December, 2018 | Florida, USA | Miami |
| 6 | March, 2019 | New York, USA<br>New Jersey, USA | New York<br>Atlantic City |
| 7 | June, 2019 | Illinois, USA | Chicago |
| 8 | July, 2019 | Florida, USA | Orlando |

28. Although Debtor claimed these trips were paid by his friends as gifts to him, he was never able to provide satisfactory proof to the United States Trustee that this was the case. Debtor also made out a check to "cash" for himself in the amount of $2,000 on December 13, 2019, just two months before filing for bankruptcy, and could not explain to the chapter 7 trustee and the United States Trustee on what he spent the funds.

29. Although not listed explicitly as one of the *Lombardo* factors, the Court should also take into account Debtor's failure to cooperate with the United States Trustee. Debtor failed to provide the United States Trustee with a reconciliation of the medical insurance plan account receivables with his bank statements, proof that his vacation trips were paid by his friends, and the statements for his investment accounts, among other documents requested at the meetings of creditors.

Case:19-01041-MCF7 Doc#:170 Filed:03/03/21 Entered:03/03/21 17:53:31 Desc: Main
Document Page 10 of 12

UNITED STATES TRUSTEE'S MOTION TO DISMISS WITH TWO YEAR BAR TO REFILE
IN RE LUIS J. VÁZQUEZ-URQUÍA, CASE NO. 19-01041 (MCF)   Page 10 of 12

30. Lastly, Debtor failed to comply with the Court's order at docket no. 166, which granted him until December 10, 2020, to obtain new counsel. As of today, over two months have elapsed and Debtor has failed to announce new representation or inform the Court whether he wished to proceed pro-se. This omission has caused "unreasonable delay by the debtor that is prejudicial to creditors," which is cause to dismiss the case under § 707(a). The Debtor's bankruptcy case has now been pending for over two years.

31. The Court may also dismiss the case under Local Rule 1017-2, which provides for dismissal for want of prosecution. The rule states that "want of prosecution" includes, but is not limited to, the following: "(4) failure to file a plan, disclosure statement, or other document or pleading within the time required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, these LBRs, or orders of the court;" "(5) failure of a party or counsel to appear at a hearing;" and "(7) failure to abide by any court order requiring the filing of papers or payment of fees, costs, or sanctions." P.R. L.B.R. 1017-2(b). The Debtor failed to appear with new counsel by December 10, 2020, as ordered by the Court at docket no. 166; therefore, he has failed to appear in proper prosecution of his case.

### Bar to Refile

32. The Court "has authority to order a bar to refile to sanction serial or bad faith filers by barring future filings for reasons and longer periods of time other than those specified by § 109(g) from either § 105(a), § 349(a) or both." *In re López Llanos*, 578 B.R. at 711 (finding bad faith and imposing two year bar to refile)(citing *In re González Ruiz*, 341 B.R. 371, 385-86 (1st Cir. BAP 2006); *In re Glenn*, 288 B.R. 516,520 (Bankr. E.D. Tenn. 2002)); *See also In re Casse*, 198 F.3d 327 (2d Cir. 1999); and *In re Tomlin*, 105 F.3d 933 (4th Cir. 1997). The Court need not hold an evidentiary hearing to find bad faith "when the record is sufficiently well developed to allow the bankruptcy court to draw the necessary inferences to dismiss a Chapter 11 case for cause." *In re C-TC 9th Avenue Partnership*, 113 F.3d 1304, 1312 (2nd Cir. 1997); *In re Cabral*, 285 B.R. 563, 577 (1st Cir. BAP 2002).

Case:19-01041-MCF7 Doc#:170 Filed:03/03/21 Entered:03/03/21 17:53:31 Desc: Main
Document Page 11 of 12

UNITED STATES TRUSTEE'S MOTION TO DISMISS WITH TWO YEAR BAR TO REFILE
IN RE LUIS J. VÁZQUEZ-URQUÍA, CASE NO. 19-01041 (MCF) Page 11 of 12

33. The United States Trustee has demonstrated that Debtor filed this case in bad faith and that dismissal with a bar to refile of two years is in the best interest of the creditors.

34. An unsworn declaration under penalty of perjury in compliance with P.R. LBR 9013-1(c)(3) is attached hereto as Exhibit B.

**WHEREFORE**, the United States Trustee respectfully requests that the Honorable Court dismiss the present case with a bar to refile of two years.

*Notice*

Within thirty (30) days after service as evidenced by the certificate of service below, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office of the U.S. Bankruptcy Court for the District Of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that on this day I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all CM/ECF participants.

**I DO HEREBY FURTHER CERTIFY** that on this same date a true and exact copy of the foregoing has been sent by regular United States mail to the following parties:

LUIS JAVIER VAZQUEZ URQUIA
PO BOX 366494
SAN JUAN, PR 00936

**DATED March 3, 2021**

           **NANCY J. GARGULA**
           United States Trustee

           **MONSITA LECAROZ ARRIBAS**
           Assistant United States Trustee

           **U.S. DEPARTMENT OF JUSTICE**
           **OFFICE OF THE UNITED STATES TRUSTEE**

Case:19-01041-MCF7 Doc#:170 Filed:03/03/21 Entered:03/03/21 17:53:31 Desc: Main
Document Page 12 of 12

United States Trustee's Motion to Dismiss with Two Year Bar to Refile
In re Luis J. Vázquez-Urquía, Case No. 19-01041 (MCF)     Page 12 of 12

Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7444

By:    s/ Julio E. Guzmán-Carcache
Trial Attorney
USDC-PR No. 230104
Julio.Guzmán@usdoj.gov